IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

W.A., a minor,
by her parent and next friend,
Doreen Athey,
4435 Chesapeake Street, NW
Washington, D.C. 20016,

and

DOREEN ATHEY,
4435 Chesapeake Street, NW
Washington, D.C. 20016,

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, NW,
Washington, D.C. 20001,

and

ADRIAN M. FENTY, (officially as)
Mayor of the District of Columbia,
John A. Wilson Building,
1350 Pennsylvania Avenue, NW,
Washington, DC 20004,

and

MICHELLE A. RHEE, (officially as)
Chancellor,
District of Columbia Public Schools,
825 North Capitol Street, NE,
Washington, D.C. 20002,

    Defendants.

**Civil Action No.** _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1. W.A. is a ten-year old student currently receiving special education services from the District of Columbia Public Schools ("DCPS"). For the past six years, DCPS has failed to provide her with a free appropriate public education ("FAPE") as required under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400-1487.

2. Because of this continuing failure, W.A. and her mother filed a Due Process Complaint Notice against DCPS, seeking funding for W.A. at The Katherine Thomas School ("KTS"), which would provide her with an appropriate education designed to meet her specific needs.

3. At the onset of the hearing, counsel for DCPS and the parent settled the case, with DCPS agreeing to place and fund W.A. at KTS for the 2007-2008 school year.

4. Approximately fifteen minutes after settlement, and before putting the settlement on the record, counsel for DCPS rescinded the already-accepted offer, thus breaching what the IDEA and federal law dictate to be a binding contract.

5. The parent informed the hearing officer of this breach both that day and in a Motion for Summary Decision prior to the next scheduled hearing date.

6. The hearing officer literally disregarded the settlement and breach of contract, and proceeded with the hearing, during which she wrongly decided that Prospect Learning Center was an appropriate placement for W.A.

7. The parent has brought this action requesting this Court to order DCPS to honor the terms of the parties' agreement and place and fund W.A. at KTS.

## Jurisdiction

8. This Court has jurisdiction over this matter pursuant to the IDEA; 42 U.S.C. § 1983 ("Section 1983"); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiffs have exhausted their administrative remedies and appeal to this Court from a decision of an Independent Hearing Officer of the District of Columbia Public Schools Student Hearing Office.[1]

## Parties

9. W.A. is an educationally disabled child, as defined by the IDEA, eligible to receive special education and related services. At all times relevant to this action, this student and her parent resided in the District of Columbia. The parent brings this action on W.A.'s behalf and in her own right.

10. The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with the IDEA.

11. Adrian M. Fenty is the Mayor of the District of Columbia. As of June 12, 2007, he has authority over DCPS pursuant to the Public Education Reform Amendment Act of 2007, Law 17-9, Act 17-38. As such, he has authority over all operations and functions of DCPS, which includes ensuring that DCPS complies with District and federal law as to the education of disabled children, and ensuring that all disabled children in the District of Columbia receive a

---

[1] *W.A. v. District of Columbia Public Schools* (October 26, 2007, Marsha Epps Edwards, Esq.).

FAPE and that their rights to equal protection of the law and due process of law are respected. He is sued in his official capacity.

12. Michelle A. Rhee is the Chancellor of DCPS. She serves at the pleasure of the Mayor and is the public official charged with the responsibility for ensuring that DCPS complies with District and federal law as to the education of disabled children, and ensuring that all disabled children in the District of Columbia receive a FAPE and that their rights to equal protection of the law and due process of law are respected. She is sued in her official capacity.

### **Factual Allegations**

13. W.A. is a ten-year-old, educationally disabled student whom DCPS has found eligible to receive intensive special education services under the IDEA.

14. On June 14, 2007, W.A.'s mother filed a Due Process Complaint Notice, alleging that DCPS had failed to provide W.A. with a FAPE by, *inter alia*, failing to provide her with an appropriate environment and services while at Janney Elementary School and issuing an inappropriate placement at Prospect Learning Center for the 2007-2008 school year. The Complaint requested placement and funding at KTS for the 2007-2008 school year.

15. On August 7, 2007, DCPS made a written offer of settlement to Mrs. Athey, through counsel, proposing to place and fund W.A. at KTS for the 2007-2008 school year, and asking for a response within ten days.

16. Counsel for Mrs. Athey responded on the same date, stating a willingness to accept the DCPS offer of settlement if the school system would add either of two suggested agreements to the original offer.

17. DCPS did not respond to the letter. Therefore, on August 23, 2007, Mrs. Athey, through counsel, wrote again to seek a conclusion and settlement. DCPS did not respond to the second letter either.

18. Counsel for Mrs. Athey wrote one more time, on August 27, 2007, but DCPS did not respond again.

19. On September 14, 2007, this matter came on for Due Process Hearing.

20. Before the hearing began, counsel for the parties met in the hallway and agreed to settle the case on the original terms found in the August 7, 2007 offer from DCPS. Counsel for DCPS did not suggest or state that the prior offer was either time limited or had been withdrawn at any point.

21. The parties returned into the hearing room to communicate the settlement on the record to the Hearing Officer.

22. Once inside the hearing room, counsel for DCPS stated that he wanted to update one of his witnesses, and consequently stepped out into the hallway with her. At the same time, Mrs. Athey and her counsel signed and dated the original settlement agreement.

23. After approximately fifteen minutes, counsel for DCPS returned to the hearing room, stepped out into the hallway with the parent's counsel, and stated that he was withdrawing the settlement offer – the same offer that already had been accepted.

24. The hearing was postponed until a later date.

25. Prior to the rescheduled hearing date, Mrs. Athey, through counsel, filed a Motion for Summary Decision, which was accompanied by a sworn declaration by counsel attesting to the

settlement negotiation and agreement, requesting that the Hearing Officer enforce the terms of the settlement agreed to by the parties.

26. In the DCPS Response to the Motion, counsel for DCPS focused only on his initial August 7, 2007 settlement offer, and stated that the offer had been a "ten day offer" and that it had expired ten days after he made it. This DCPS Response, which did not include any sworn statements or legal citations, also provided no explanation for counsel's agreement to, and then his attempted recision of, the settlement reached in the hallway prior to the hearing.

27. The parties proceeded with the hearing on the rescheduled date, and an Opinion was issued on October 26, 2007.

28. The Hearing Officer did not address this binding settlement in her Opinion, although it had been fully briefed, at her direction, by counsel. She also did not address the sworn facts in parent's Motion or the DCPS failure to counter those facts or provide any legal support for its attempt to withdraw a settlement offer that already had been accepted. Instead, the Opinion, at page 2 note 3, contains merely a footnote stating that because the DCPS offer was titled "Statutory Ten Day Offer of Settlement" and the acceptance signature was dated more than ten days later, the settlement was not binding.

29. In her opinion, the Hearing Officer also wrongly found that Prospect Learning Center was an appropriate placement for W.A. Prospect Learning Center does not offer W.A. an appropriate peer group in which to make progress towards the goals and objectives on her IEP.

30. In the original Due Process Complaint Notice, the parent invoked "Stay Put" protection under the IDEA so that W.A. would not be forced to attend Prospect Learning Center,

the inappropriate placement decision rendered by DCPS – without the Athey's participation – that was the subject of the initial hearing.

31. As a result of the DCPS failure to provide W.A. with a Free Appropriate Public Education and recision of a binding settlement agreement, W.A. continues in an inappropriate placement where all parties agree she cannot make adequate academic progress.

32. Plaintiffs have exhausted their administrative remedies.

## COUNT I

(Failure to Enforce Settlement)

33. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 32 above.

34. DCPS and Mrs. Athey entered into a settlement agreement on September 14, 2007.

35. A settlement agreement constitutes a binding contract under the IDEA.

36. Subsequent to the Athey's acceptance of the DCPS offer, DCPS rescinded the offer.

37. By withdrawing an already-accepted offer, DCPS breached its contract with the Mrs. Athey.

38. The hearing officer wrongly failed to enforce the binding settlement agreement.

## Count II

(Failure to Provide a FAPE)

39. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 32 above.

40. The hearing officer wrongly decided that Prospect Learning Center would be able to meet W.A.'s specific needs.

41. The inappropriate placement constitutes a denial of FAPE in violation of the IDEA.

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue declaratory relief that the executed Settlement Agreement between Doreen Athey and DCPS is binding;

2. Order the defendants to place and fund W.A. at The Katherine Thomas School without delay;

3. Order defendants to pay plaintiffs' reasonable attorneys' fees and costs, including the fees and costs of this action; and

4. Award any other relief that this Court deems just.

Respectfully submitted,

_____
Michael J. Eig            #912733
Paula Rosenstock          #494580
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740
Counsel for Plaintiffs

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
W.A., a minor, by her parent and next friend, Doreen Athey

### DEFENDANTS
District of Columbia, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Eig & Associates, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
301-657-1740 extension 104

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ⦿ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. secs. 1400, et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE  11-9-07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.