UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **W.A., a minor, by her parent and next friend, Doreen Athey,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA, et al.,**<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No. 07-2082 (RWR)<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, by counsel, hereby answers Plaintiffs' Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. Defendant admits that W.A. is currently receiving special education services from the District of Columbia. The remaining allegations in paragraph one are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

2. Defendant admits that Plaintiffs filed a due process complaint against the District of Columbia. The remaining allegations in paragraph 2 are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

3. Defendant admits that settlement discussions occurred before the hearing. Defendant denies the remaining allegations in paragraph 3.

4. The allegations in paragraph 4 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

5. The allegations in paragraph 5 are the pleader's characterizations of the administrative record documents and transcript which speak for themselves, to which no response is required. If a response is required, then the same are denied.

6. The allegations in paragraph 6 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

7. The allegations in paragraph 7 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

8. Defendant admits that this Court has jurisdiction pursuant to The Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq. ("IDEIA"). The remaining allegations in paragraph 8 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

9. Defendant admits that W.A. is a child in the custody of her parent, who brings this action on behalf of her daughter and in her own right. The remaining allegations in paragraph 9 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits that Adrian M. Fenty is the Mayor of the District of Columbia. The remaining allegations in paragraph 11 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

12. Defendant admits that Michelle A. Rhee is the Chancellor of the District of Columbia Public Schools. The remaining allegations in paragraph 12 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

13. Defendant admits that W.A. has been found to be eligible for special education services. The remaining allegations in paragraph 13 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

14. Defendant admits that a due process hearing request was filed on June 14, 2007. The remaining allegations in paragraph 14 are the pleader's characterizations of the administrative record documents which speak for themselves, to which no response is required. If a response is required, then the same are denied.

15. Defendant admits that a written offer of settlement was made on August 7, 2007. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 15 at this time.

16. Defendant admits that parent sought to add additional "agreements" to the original offer. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 16 at this time.

17. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 17 at this time.

18. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 18 at this time.

19. Defendant admits the allegation in paragraph 19.

20. Defendant admits the parties met in the hallway. Defendant denies the remaining allegations in paragraph 20.

21. The allegations in paragraph 21 are the pleader's characterizations of the parties' actions, to which no response is required.  If a response is required, the same are denied.

22. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 22 at this time.

23. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 23 at this time.

24. The allegation in paragraph 24 is a conclusion of the pleader, to which no response is required. If a response is required, then the same are denied.

25. Defendant admits that a Motion For Summary Decision was filed by the Plaintiff.  The remaining allegations in paragraph 25 are the pleader's characterizations of the Motion, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

26. Defendant admits that a Response to the Motion For Summary Decision was filed by the Defendant.  The remaining allegations in paragraph 26 are the pleader's characterizations of the Response, which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

27. Defendant admits the allegations in paragraph 27.

28. The allegations in paragraph 28 are the pleader's characterizations of the hearing officer's determination ("HOD"), which speaks for itself, to which no response is required.  If a response is required, then the same are denied.

29. The allegations in paragraph 29 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

30. The allegations in paragraph 30 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

31. The allegations in paragraph 31 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

32. The allegations in paragraph 32 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT I

33. Defendant incorporates as though restated each of the answers stated in paragraphs 1-32 above.

34. Defendant denies the allegations in paragraph 34.

35. The allegation in paragraph 35 is a conclusion of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

36. The allegation in paragraph 36 is the pleader's characterizations of the settlement discussions, to which no response is required. If a response is required, then the same are denied.

37. The allegations in paragraph 37 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

38. The allegations in paragraph 38 is a conclusion of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT II

39.	Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 32 above.

40.	The allegation in paragraph 40 is a conclusion of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

41.	The allegation in paragraph 41 is a conclusion of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, Defendant denies all allegations contained in the complaint not otherwise responded to or admitted.

## FIRST AFFIRMATIVE DEFENSE

This Court is without jurisdiction to hear these claims under § 42 U.S.C. 1983 because Plaintiff has failed to state a claim upon which relief can be granted under that statute.

## SECOND AFFIRMATIVE DEFENSE

The HOD is supported by substantial evidence in the administrative record and should be affirmed.

    Respectfully submitted,

    Peter J. Nickles
    Interim Attorney General
    for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

/s/ *Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

/s/ *Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 24, 2008

7